UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>     v.<br><br>MICHELLE K. STAATS, et al.,<br><br>                              Defendants. | NO: 2:16-CV-0016-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

    BEFORE THE COURT are Plaintiff's Motion and Memorandum to Remand Due to Forum Defendant Rule Pursuant to 28 U.S.C. § 1441 (ECF No. 5) and Defendants' Motion for Leave to File Amended Notice of Removal to Federal Court (ECF No. 8). These matters were heard without oral argument. The Court has reviewed the briefing, the record, and files therein, and is fully informed.

//

//

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

## BACKGROUND

In January 2016, Plaintiff Allstate Property and Casualty Insurance Company ("Allstate") filed and served its Complaint in Grant County Superior Court against Defendants, seeking declaratory judgment pursuant to Washington's Uniform Declaratory Judgments Act, RCW chapter 7.24. ECF No. 1-1. Specifically, Allstate seeks a ruling that the insurance contracts issued by Allstate do not obligate it to provide coverage or defend Defendants in a current proceeding, *Staats v. State of Washington*, No. 2:15-cv-0208-TOR (E.D. Wash. removed Aug. 11, 2015).

Shortly thereafter, on January 19, 2016, Defendants removed this case to this Court. In their notice of removal, Defendants asserted removal jurisdiction on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332: Allstate is a foreign corporation, Defendants are all citizens of the State of Washington. ECF No. 1 at 2.

In the instant motion, Allstate moves to remand this case. ECF No. 5. Because Defendants are all citizens of Washington, Allstate asserts that the forum defendant rule applies and thus removal solely on the basis of diversity jurisdiction is improper. *Id.*

In response, Defendants move to amend their notice of removal to indicate removal was also based on this Court's supplemental jurisdiction, their reasoning

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

being that this Court has supplemental jurisdiction over this matter because it has original jurisdiction over the underlying *Staats* matter. ECF Nos. 7, 8, 9.

**DISCUSSION**

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship).[1] *See* 28 U.S.C. § 1441(a), (b). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

There is an important limitation on removal based on diversity jurisdiction. Coined the "forum defendant rule," "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Spencer v. U.S. Dist. Court for N. Dist. of Cal*, 393 F.3d 867, 870 (9th Cir. 2004) ("[T]he presence of a local defendant at the time removal is sought bars removal."). Thus, "[section]

---

[1] There is no dispute here that Plaintiff timely moved to remand pursuant to the 30-day period provided for in 28 U.S.C. § 1447(c).

1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (explaining that the rationale behind removal based on diversity jurisdiction—protecting out-of-state defendants from possible prejudices in state court—is not present where the defendant is a citizen of the state in which the case is brought).

Defendants do not dispute that they are all citizens of Washington. Instead, they assert that diversity jurisdiction is not the sole basis for removal here and have moved to amend their notice of removal to clarify that they have removed this case based on this Court's supplemental jurisdiction. ECF No. 8. According to Defendants, this Court has supplemental jurisdiction over this matter because it has original jurisdiction in the underlying *Staats* case. *See* ECF No. 7 at 2-4.

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), does not save this action from remand pursuant to the forum-defendant rule. "Supplemental jurisdiction must be exercised *in the same action* that furnishes the basis for exercise of supplemental jurisdiction." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86 (9th Cir. 1997) (emphasis added); *see Brummer v. Iasis Healthcare of Ariz, Inc.*, No. CV-07-1223-PHX-DGC, 2007 WL 2462174, at *1 (D. Ariz. Aug. 24, 2007). As the Ninth Circuit explained in *Ortolf*, "[t]he phrases 'in any civil action' and 'in the action,'" as used in section 1367(a), "require that supplemental

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

jurisdiction be exercised in the *same case, not a separate or subsequent case.*" *Id.* at 87; *see Peacock v. Thomas*, 516 U.S. 349, 116 S. Ct. 862, 857 (1996) ("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction."). Thus, *Staats* cannot form the basis for the exercise of this Court's supplemental jurisdiction in this separate, subsequent action.

Accordingly, pursuant to 28 U.S.C. § 1441(b), this Court lacks jurisdiction over this matter. Plaintiff's motion to remand (ECF No. 5) is granted. Defendants' proposed amended notice of removal, ECF No. 7, does not cure this issue, and thus their motion for leave to file an amended notice is denied as futile.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion and Memorandum to Remand Due to Forum Defendant Rule Pursuant to 28 U.S.C. § 1441 (ECF No. 5) is **GRANTED**.

2. Defendants' Motion for Leave to File Amended Notice of Removal to Federal Court (ECF No. 8) is **DENIED** as moot.

3. This matter is **REMANDED** to the Grant County Superior Court, State of Washington, for all remaining proceedings.

1     The District Court Executive is directed to enter this Order, provide copies
2 to counsel, mail **a certified copy of this Order** to the Clerk of the Grant County
3 Superior Court, and **CLOSE** the file.
4     **DATED** this March 3, 2016



                                   THOMAS O. RICE
                       Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 6